UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JAMES SCOTT ALVA, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cr-023-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant James Scott Alva's Objection (ECF NO. 133) to Magistrate Judge Nancy J. Koppe's Order Striking Defendant's Motion to Dismiss (ECF No. 129). The Government filed a Motion to Strike Defendant's Objection. (ECF No. 136).

On January 21, 2014, Defendant was indicted by a federal grand jury sitting in the District of Nevada on four charges: Count One, Possession of Child Pornography, 18 U.S.C. 2252A(a)(5)(B); Count Two, Receipt of Child Pornography, 18 U.S.C. 2252A(a)(2) and (b); Count Three, Transportation of Child Pornography, 18 U.S.C. 2252A(a)(1) and (b); and Count Four, Advertising Child Pornography, 18 U.S.C. 2252A(d)(1)(A).

The Court initially appointed the Office of the Federal Public Defender (the "FPD") as counsel for Defendant. (ECF No. 9). Then, on November 14, 2014, the Court granted Defendant's Motion to Substitute Attorney, as Defendant had retained Robert M. Draskovich as counsel. (ECF No. 65). On November 17, 2015, Mr. Draskovich filed a Motion to Withdraw as Attorney. (ECF No. 103). At the motion hearing, Mr. Draskovich withdrew his motion and remained as Defendant's attorney of record. (ECF No. 105). On February 24, 2016, Mr. Draskovich filed another Motion to Withdraw, explaining that the "attorney-client relationship has been irreparably damaged and communication between Client and Counsel has completely broken down." (ECF No. 109). On March 1, 2016, Judge Koppe once again held a hearing, and

this time granted Mr. Draskovich's motion, reappointing the FPD. (ECF Nos. 111, 114). On May 2, 2016, Defendant filed a *pro se* Motion for Appointment of Counsel, indicating that he did not want the FPD as his counsel. (ECF No. 121). After holding another hearing on May 9, 2016, Judge Koppe ordered that the FPD was "relieved as counsel for [D]efendant." (ECF No. 123). At a hearing the next day, Judge Koppe appointed CJA Counsel Michael J. Miceli for Defendant, *nunc pro tunc* to May 9, 2016. (ECF Nos. 125–26).

On May 9, 2016, Defendant filed a *pro se* Motion to Dismiss. (ECF No. 124). The Government filed a Motion to Strike Defendant's Motion to Dismiss under District of Nevada Local Rule IA 11-6(a),[1] which prevents parties represented by counsel from filing documents *pro se*. (ECF No. 128); (*see also* D. Nev. R. IA 11-6(a)) ("A party who has appeared by attorney cannot while so represented appear or act in the case."). The Government also requested a standing order to strike all future *pro se* filings while Defendant remained represented by counsel. (ECF No. 128). Citing Local Rule IA 11-6(a), Judge Koppe granted the Government's Motion to Strike, but denied the Government's request for a standing order. (ECF No. 126). Defendant's pending Objection is to Judge Koppe's Order striking his Motion to Dismiss. (ECF No. 133).

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); (D. Nev. R. IB 3-1(a)). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply

---

[1] The Government's Motion actually cites Local Rule IA 10-6(a). (Mot. Strike 2:3–4, ECF No. 128). However, the motion references the language of LR IA 11-6(a). (*Id.*). An update of the District of Nevada Local Rules was signed into effect on May 1, 2016, and this new version changed the previous LR IA 10-6 to the current LR IA 11-6. (*See* General Order 2016-01 (D. Nev. May 1, 2016)).

substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

The Court finds that Judge Koppe did not err in striking Defendant's Motion to Dismiss. Defendant was represented by counsel when he filed the *pro se* Motion to Dismiss. As such, Defendant's Motion was properly stricken under Local Rule IA 11-6(a). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 133) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike Defendant's Objection (ECF No. 136) is **DENIED as Moot**.

**DATED** this  29  day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court