**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES SCOTT ALVA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:14-cr-00023-GMN-NJK <br><br> **AMENDED** ORDER |

On July 20, 2016, the Court issued an order for a mental competency evaluation in the instant case. Docket No. 147. The Court now **RESCINDS** that order and, in its place, **ISSUES** this amended order.

Defendant James Scott Alva is charged in an Indictment with possession of child pornography; receipt of child pornography; transportation of child pornography; and advertising child pornography. Docket No. 1. He has appeared before the Court numerous times, most recently for an attorney appointment hearing on July 20, 2016.

During the hearings on July 19 and 20, 2016, the Court asked Defendant questions regarding his competence to understand the charges against him and assist in his defense. Based on his responses, the Court has reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore orders a mental competency evaluation pursuant to 18 U.S.C. §§ 4241 and 4242.

. . . .

1    **IT IS ORDERED** that:

2    1.	In accordance with 18 U.S.C. §§ 4241, 4242 and 4247, the United States Marshal's Service shall forthwith transport Defendant James Scott Alva to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

   a.	whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   b.	whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

2.	Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days. 18 U.S.C. § 4247(b).

3.	The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

4.	A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide a copy of the report to Thomas Ericsson, Esq. **No copy of the report, or any other information about the examination, shall be provided at this time to the United States**. Once the Court and Mr. Ericsson have determined whether redactions are needed in the report, the Court will provide a copy of the report to the United States.

5.	The report shall include:

   a.	Defendant's history and present symptoms;

   b.	A description of the psychiatric, psychological or medical tests that were employed and their results;

   c.	The examiner's findings;

        d.      The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

        e.      Whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

      The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

      The Court **ORDERS** that the original order for mental competency evaluation, Docket No. 147, be **STRICKEN** from the docket. Additionally, the Court sets a status hearing on this matter for September 7, 2016, at 10:00 a.m., in Las Vegas Courtroom 3D.

      IT IS SO ORDERED.

      DATED: July 21, 2016.

_____  
NANCY J. KOPPE  
United States Magistrate Judge