**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:14-cr-00023-RCJ-NJK |
| vs. | **ORDER** |
| JAMES SCOTT ALVA, | |
| Defendant. | |

A grand jury has indicted Defendant James Scott Alva ("Defendant") on four criminal counts, for the possession, receipt, transportation, and advertisement of child pornography. (Indictment, ECF No. 1.) A jury trial is presently set for October 30, 2017.

On September 8, 2014, Defendant filed a motion to suppress certain evidence of statements he made to Detective Lora Cody of the Las Vegas Metropolitan Police Department while a search of his home was being conducted. (ECF No. 20.) On August 7, 2015, after holding an evidentiary hearing, Magistrate Judge Nancy J. Koppe entered a Report and Recommendation ("R. & R.") that the motion to suppress be denied. (R. & R., ECF No. 98.) On September 24, 2015, District Judge Gloria M. Navarro entered an order accepting and adopting Judge Koppe's findings and recommendation, having received no objection from Defendant. (Order, ECF No. 100.) Accordingly, the motion was denied.

/ / /

Now, more than two years later, Defendant has filed objections to the R. & R., citing Federal Rule of Criminal Procedure 59(b)(2), 28 U.S.C. § 636(b)(1)(A), and District of Nevada Local Rule ("LR") IB 3-1. (Mot. Recon., ECF No. 225.) Although the objections are untimely, the Government stipulated to permit Defendant to file them, and has filed a response addressing their merits. (Stipulation, ECF No. 227; Resp., No. 226.)

**I. LEGAL STANDARDS**

The statute and rules invoked by Defendant are inapposite. Under 28 U.S.C. § 636, it is clear that magistrate judges cannot be delegated authority to make a final determination on a motion to suppress evidence in a criminal case. 28 U.S.C. § 636(b)(1)(A). This is further clarified by LR IB 1-4, which provides:

> When a district judge refers to a magistrate judge a motion, petition, or application that a magistrate judge may not finally determine under 28 U.S.C. § 636 (b)(1)(B), the magistrate judge must review it, conduct any necessary evidentiary or other hearings, and file findings and recommendations for disposition by the district judge. Motions subject to this referral include, but are not limited to: . . . (h) motions to suppress evidence in a criminal case . . . .

Nonetheless, Defendant attempts to state his objections under LR IB 3-1, which is expressly applicable only to the "review of matters that may be finally determined by a magistrate judge." Because the motion to suppress was decidedly not a matter that Judge Koppe could finally determine, in no case would the applicable rules permit the Court to review objections to her R. & R. under LR IB 3-1.

Rather, if the objections were timely filed, they would fall under LR IB 3-2, pertaining to the review of matters that may not be finally determined by a magistrate judge. In contrast to LR IB 3-1, which imposes a standard of review of "clearly erroneous or contrary to law," *see also* 28 U.S.C. § 636(b)(1)(A), LR IB 3-2 requires the district judge to conduct a *de novo* review of any portion of the R. & R. to which a party has specifically objected, *see also* 28 U.S.C. §

636(b)(1)(C). *See Calove v. Nationstar Mortg., LLC*, No. 2:14-cv-01329, 2016 WL 3092111, at *2 (D. Nev. May 31, 2016) (Dorsey, J.), *aff'd*, No. 16-16044, 2017 WL 4461086 (9th Cir. Oct. 5, 2017) ("Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only."). Accordingly, were the Court to accept the very awkward timing of Defendant's objections and analyze them under the applicable standard, it would be required to conduct a *de novo* review of the R. & R., after Judge Navarro has already entered her final order accepting and adopting it.

The Court is extremely reluctant to do this. Practically speaking, the review Defendant seeks would not be a review of Judge Koppe's R. & R., but rather a review of Judge Navarro's final order. This type of review appears plainly contrary to the applicable statute and rules. Under 28 U.S.C. § 636(b)(1)(C), a party may object to the magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the R. & R. If such objections are timely filed, the district judge must review the findings and recommendations *de novo*, to the extent they were specifically objected to, and then enter an order accepting, rejecting, or modifying, in whole or in part, the magistrate judge's findings and recommendations. The language of the statute clearly contemplates that any objections will, indeed must, be filed before the district judge enters a final ruling on the R. & R. And *de novo* review is only required if specific, written objections are timely received by the district judge. The case law is in accord with this interpretation. *See, e.g.*, *Peretz v. United States*, 501 U.S. 923, 939 (1991) (internal quotation marks omitted) ("[T]o the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); *Campbell v. U.S. Dist.*

*Court for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law."); *Newsom v. All.*, No. C 09-5288 SBA, 2014 WL 985586, at *1 (N.D. Cal. Mar. 7, 2014) (internal quotation marks omitted) ("In the absence of a timely objection, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Therefore, despite the parties' stipulation, the Court cannot accept Defendant's objections to the R. & R. Certainly, a stipulation to extend the deadline to file such objections could be granted under various circumstances, but not when submitted after the district judge has already issued an order on the magistrate judge's recommendation. The defendant's right under the statute is to object to the *proposed* findings and recommendations of the magistrate judge. After the district judge adopts those findings and recommendations, they are no longer proposed; rather, they have become the final order of the court. Accordingly, once the district judge's order is entered, it is the order, and no longer the underlying R. & R., that must be challenged. The Court appreciates the fact that Defendant's counsel was not involved in this case at the time the R. & R. was filed, and is attempting to state his objections now in order to preserve as many issues as possible in the event of an appeal. However, the Court also notes that despite Defendant's turbulent track record with defense attorneys throughout the course of this matter, Defendant was represented by counsel at the time his objections to the R. & R. were due.

At this stage, the appropriate means for challenging the Court's decision regarding the motion to suppress is a motion to reconsider. Accordingly, the Court will construe Defendant's objections as such. While the Federal Rules of Criminal Procedure do not specifically allow for motions to reconsider, many courts have reconsidered decisions made in criminal cases. *United*

States v. Hector, 368 F. Supp. 2d 1060, 1062–63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)). Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See Hector*, 368 F. Supp. 2d at 1063.

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015) (affirming district court's reconsideration of prior order granting motion to suppress).

/ / /

/ / /

## II. DISCUSSION

Defendant has not provided the Court with any basis for reconsidering its order denying Defendant's motion to suppress. Defendant's motion to reconsider does not present new evidence, nor point to any change in controlling law. Rather, the motion is focused on challenging the Court's factual findings and analysis of the factors for determining whether an interrogation is custodial under *United States v. Kim*, 292 F.3d 969 (9th Cir. 2002). Notably, the motion largely disregards the Court's express finding that the testimony of the Government's witnesses was more credible than the testimony of Defendant and his witnesses.[1] Nearly all of Defendant's challenges to the Court's order are factual in nature (e.g., the voluntariness of Defendant's participation in the interview, the extent to which Defendant was free to leave during the interview, the extent to which Defendant was confronted with evidence of his guilt, Detective Cody's tone of voice during the interview, the length of the interview, the length of

---

1 Specifically, the Court found:

> During the evidentiary hearing in this matter, the Court had the opportunity to listen to the testimony of all witnesses, to observe and evaluate each witness' demeanor while testifying, and to weigh each witness' credibility. Having done so, the Court finds Detectives Cody and Ramirez's testimony credible. The testimony of Defendant and his witnesses, however, varied widely regarding, among other things, the time officers arrived; the amount of time officers spent at the residence; and where and for how long Defendant was restrained. The Court recognizes that, as the parties argued, Defendant and his witnesses had not undergone a situation such as this before and even testified that they were overwhelmed that day, thus adding to their confusion; while Detectives Cody and Ramirez have been in this type of situation thousands of times and are trained to observe and remember the surrounding circumstances, including when restraints are removed, all of which also contribute to a finding of credibility for the Detectives over Defendant and his witnesses. Additionally, Defendant, in his own testimony, contradicted himself several times, and seemed confused throughout the testimony, as shown in one example by his inability to recall whether he was restrained when Detective Cody handed him her business card.

(R. & R. 12–13, ECF No. 98.)

time during which Defendant was in restraints), and rely heavily on Defendant's own testimony, despite the fact that the Court did not find it credible.

Nothing in Defendant's motion suggests that the Court committed clear error in reaching any conclusion, be it factual or legal. Defendant has presented no reason for the Court to disturb its finding that the testimony of Defendant and his witnesses was less credible than that of the Government's witnesses. Defendant's motion merely highlights portions of his own testimony, which the Court has already considered and carefully weighed against all the evidence.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (ECF No. 225) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
October 25, 2017.