# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES SCOTT ALVA,<br><br>    Defendant. | 2:14-cr-00023-RCJ-NJK<br><br>**ORDER** |

A grand jury has indicted Defendant James Scott Alva ("Defendant") on four criminal counts, for the possession, receipt, transportation, and advertisement of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B); 2252A(a)(2), (b); 2252A(a)(1), (b); and 2251(d)(1)(A). (Indictment, ECF No. 1.) A jury trial is presently set for January 16, 2018.

In view of the upcoming trial of this case, the parties have submitted evidentiary motions. Defendant seeks (1) to preclude the Government's disclosed experts from testifying altogether, or (2) to exclude the "dual role testimony" of Government expert Matt Trafford. (Def.'s Mot. Lim., ECF No. 242.) Similarly, the Government seeks to preclude Defendant from calling any witness to testify as an expert. (Gov't's Mot. Lim., ECF No. 243.)

**I. LEGAL STANDARDS**

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. "Typically, a party makes this motion when it believes that

mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted

to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II. ANALYSIS

### a. Untimely or Inadequate Disclosure of Expert Witnesses

The parties' motions in limine based on the timeliness and adequacy of expert disclosures under Federal Rules of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) were rendered premature by the last stipulated continuance of trial. The Joint Discovery Agreement ("JDA") in this case, which has been in effect since February 21, 2014, requires the parties to produce expert disclosures in compliance with Rules 16(a)(1)(G) and (b)(1)(C) no later than thirty days before trial. (JDA 2, ECF No. 13.) The trial was continued by stipulation of the parties, and is now set for January 16, 2018. Accordingly, pursuant to the JDA, the deadline for the exchange of expert summaries was December 17, 2017. *See also United States v. Halgat*, No. 2:13-cr-239, 2014 WL 176778, at *4 (D. Nev. Jan. 13, 2014) (Dorsey, J.) (finding that, where a JDA required expert disclosures thirty days before trial, such disclosure deadline was "a free-floating target dependent entirely upon the trial date," which remained in effect regardless of multiple trial continuances).

Therefore, any issues regarding the timeliness or adequacy of expert disclosures were not yet ripe at the time the motions in limine were drafted and filed. Accordingly, the Court will take up this matter at the calendar call on January 10, 2018. The Court will solicit complete and current information regarding the timing and content of the expert disclosures and issue a ruling at that time.

### b. Cumulative Testimony

Defendant next argues, under Federal Rule of Evidence 403, that the testimony of Sergeant Carry and Mr. Trafford must be stricken as cumulative to the testimony of Detective Lara Cody, the lead investigator in Defendant's case. Under Rule 403, a court "may exclude

relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."

The Court is satisfied that the testimony of the Government's witnesses will not be needlessly cumulative. In its response, the Government clarifies that Detective Cody is not an expert in peer-to-peer networks or computer forensics, and that her training in child abuse, child exploitation, and computer forensic investigation pales in comparison to that of Sergeant Carry and Mr. Trafford. (Resp. 3, ECF No. 252 (asserting that Carry and Trafford each have over three times the experience of Detective Cody in these areas).) Moreover, the Government assures the Court that it will call each of these witnesses for distinct purposes and will elicit distinct testimony: "In sum, there will be no overlap whatsoever in the testimony of these three witnesses." (*Id.* at 2–3.)

Therefore, Defendant's motion in limine is denied on this ground.

### c. Dual Role Testimony

Lastly, Defendant asserts that Mr. Trafford should not be permitted to testify because the government plans to call him as both an expert and lay witness. The Ninth Circuit has "cautioned district courts about the dangers of allowing a case agent to offer both expert and lay opinion testimony." *United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015). For example, "an agent's status as an expert could lend him unmerited credibility when testifying as a percipient witness, cross-examination might be inhibited, jurors could be confused and the agent might be more likely to stray from reliable methodology and rely on hearsay." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

However, under these controlling precedents, it is not always necessary to disallow such dual role testimony so long as certain measures are taken to mitigate the concerns identified by the Court of Appeals. In *Torralba-Mendia*, the Ninth Circuit specifically described several

protective measures that may be taken in order to guard against the pitfalls commonly accompanying dual role testimony:

> First, the district court should clearly separate the case agent's testimony between lay observations and expert testimony. Second, the district court should require an adequately specific foundation, so that the jury has the information needed to evaluate the case agent's testimony. Third, the jury must be instructed about what the attendant circumstances are in allowing a government case agent to testify as an expert. Finally, the court should not allow an officer to testify based on speculation, rely on hearsay, or interpret unambiguous, clear statements.

*Torralba-Mendia*, 784 F.3d at 658 (citations and quotation marks omitted).

Of course, it does not necessarily follow that these precautions will always be adequate in every case. District courts must give special consideration to the prejudicial effect of dual role testimony which may uniquely arise in each trial. Here, the Court is not only concerned that the jury may give undue deference to Mr. Trafford's lay testimony, but also that the hearsay sources inevitably behind Mr. Trafford's expert opinions (e.g., relevant training and experiences not related to this particular case) might be conflated with Defendant's own conduct or used to impute certain behaviors or traits to Defendant. For this reason, the Court will defer ruling on this issue until it can engage in further discussion with the parties at calendar call.

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that the motions in limine (ECF Nos. 242, 243) are DENIED consistent with the analysis above.

IT IS SO ORDERED , this 3rd day of January, 2018.

_____
ROBERT C. JONES
United States District Judge