# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-cr-00023-RCJ-NJK |
| Plaintiff, | |
| vs. | **ORDER** |
| JAMES SCOTT ALVA, | |
| Defendant. | |

A grand jury has indicted Defendant James Scott Alva ("Defendant") on four criminal counts, for the possession, receipt, transportation, and advertisement of child pornography. (Indictment, ECF No. 1.) A jury trial is presently set for January 16, 2018.

On November 28, 2017, Defendant filed a motion seeking to compel the Government to produce a copy of the source code behind certain law-enforcement-modified software known as "Ares-Frostwire RoundUp," which Detective Lora Cody used to download images of child pornography from an IP address associated with Defendant's home address. (Mot. Compel, ECF No. 268.) The motion appears to have been based on speculation that RoundUp might be susceptible to "manipulation" by a user, allowing the user to access not only folders that were designated as shared, but to "reach beyond" those shared folders and search through private files stored on an individual's personal computer. (*Id.* at 4.) On December 15, 2017, Magistrate Judge Nancy J. Koppe denied Defendant's motion, finding that Defendant had failed to make a

threshold of showing of materiality as required by Fed. R. Crim. P. 16(a)(1)(E)(i). (Order 5–7, ECF No. 277.)

Defendant now objects to Judge Koppe's findings under 28 U.S.C. § 636(b)(1)(A) and District of Nevada Local Rule ("LR") IB 3-1, and asks this Court to reconsider and reverse her order. (Mot. Recon., ECF No. 281.) For the reasons given herein, the Court overrules Defendant's objection and affirms the order of the magistrate judge.

## I.  LEGAL STANDARDS

Magistrate judges are authorized to resolve most pretrial matters, including motions to compel discovery, subject to district court review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); LR IB 3-1. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989)). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II.  DISCUSSION

The magistrate judge's order is not clearly erroneous or contrary to law. In the order, Judge Koppe correctly determined that Defendant bears the burden of making a "threshold showing of materiality" before becoming entitled to the requested discovery, which requires

Defendant to "present facts tending to show that the government is in possession of information helpful to the defense." (Order 5, ECF No. 277 (citing Fed. R. Crim. P. 16 and multiple Ninth Circuit cases).) This Court agrees that Defendant did not make the requisite showing. By way of facts to establish materiality, Defendant presented only the expert declaration of Larry Smith. The declaration reveals, however, that Mr. Smith has no facts to suggest that the RoundUp software allows law enforcement to search private directories, and has no particular reason to believe that such is the case. Rather, Mr. Smith states only that if RoundUp provides access to private directories, it would be helpful to the defense. However, the materiality showing requires something more than a shot in the dark.

Defendant relies on *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012), to support his request for the RoundUp source code. But *Budziak* is not difficult to distinguish from this case. Crucially, the Ninth Circuit concluded that Mr. Budziak had made an adequate showing of materiality, and on that basis held the district court abused its discretion in denying discovery of the FBI's "EP2P" software. *Id.* at 1112–13. In so holding, the Court of Appeals stated: "*In cases where the defendant has demonstrated materiality*, the district court should not merely defer to government assertions that discovery would be fruitless." *Id.* (emphasis added). To demonstrate materiality, Budziak had submitted actual evidence in support of three separate motions to compel. For example, Budziak submitted a declaration, stating that he was familiar with the LimeWire file-sharing software at issue in his case, and that he had disabled the software's default sharing function at all times while using it. *United States v. Budziak*, No. CR–08–00284 RMW (N.D. Cal. Dec. 13, 2010) (ECF No. 115-1). Budziak also submitted an expert declaration providing details about a preexisting "backdoor" in some versions of the LimeWire software which permitted the remote manipulation of user settings. *United States v. Budziak*, No. CR–08–

00284 RMW (N.D. Cal. Dec. 13, 2010) (ECF No. 117). In addition, Budziak "presented evidence suggesting that the FBI may have only downloaded fragments of child pornography files from his 'incomplete' folder, making it 'more likely' that he did not knowingly distribute any complete child pornography files to Agents Lane or Whisman." *Budziak*, 697 F.3d at 1112.

In short, the evidence submitted by Budziak tended to suggest that if the FBI obtained complete child pornography images from Budziak's computer, it did so by accessing unshared, private directories through the remote manipulation of Budziak's LimeWire sharing settings. Here, no comparable showing has been made. Neither Defendant nor his expert have asserted that Defendant did not store child pornography in shared directories, nor have they given any indication that the theory behind requesting the RoundUp source code amounts to anything more than an abstract possibility.

Therefore, Defendant has not provided a reason for disturbing the magistrate's order denying the motion to compel.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's objection (ECF No. 281) is OVERRULED, and the magistrate judge's order (ECF No. 277) is AFFIRMED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

*January 8, 2018*